# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

MARIA ZAPATA,

         Plaintiff,

v.

TARGET CORPORATION,

         Defendant.

2:10-cv-00680-RLH-LRL

**O R D E R**

      Before the court is plaintiff's Motion to Strike Defendant's Answer for Flagrant Discovery Violations (#15). The court has considered the motion (#15) and defendant's Opposition (#19). No reply was filed. Plaintiff in this negligence slip and fall action moves for a court order sanctioning defendant for its alleged failure to make timely disclosures.

      The parties held their Rule 26(f) conference on June 29, 2010. *See* Scheduling Order (#11). That day, defendant provided its Initial Disclosures, which listed defendant's former employee, Breanne Taylor Becknell, as a witness. Defendant also produced documents, including an Electronic Incident Report. On October 27, 2010, plaintiff provided defendant with notice of deposition of Becknell to occur on November 5, 2010, the last day of the discovery period. The deposition occurred at 11:30 a.m. Later that day, at 2:08 p.m., defendant faxed to plaintiff its Sixth Supplemental Disclosure of Witnesses and Documents, which included Becknell's handwritten incident report using the defendant's form to report incidents. Also included in the Sixth Supplemental Disclosure were plaintiff's handwritten Guest Incident Report and the handwritten "LOD Report," both using defendant's forms for reporting incidents. Since the filing of the motion, discovery has been extended to March 4, 2011. *See* Order (#20).

Plaintiff filed the instant motion for sanctions on November 16, 2010, essentially alleging that defendant purposefully withheld the documents until the final day of discovery. She states that had she been provided these documents sooner, she would have engaged in many other discovery tactics, as well as using Becknell's statement at her deposition. Mot. (#15) at 4. Plaintiff asks the court to strike defendant's Answer as a sanction for failing to disclose the statements sooner. Defendant represents that "[i]mmediately after the deposition of Ms. Becknell, defense counsel determined that the handwritten incident reports had not been disclosed in Defendant's production of documents, and that Defendant may wish to utilize this document in future proceedings, including trial." Opp'n (#19) at 3. Defendant produced the documents that day. Defendant further maintains that any information in the handwritten reports was already available to plaintiff insofar as the information was contained in the electronic incident report. *Id.*

Pursuant to Rule 37(c), a court may sanction a party for failure to disclose or supplement the disclosures required by Rule 26(a). Rule 26(a)(1)(a)(ii) provides that each party must provide copies of documents in its possession that it may use to support its claims or defenses, unless the use would be solely for impeachment. A party is not obligated to disclose documents, whether favorable or unfavorable, that it does not intend to use. Rule 26 advisory committee's notes. Rule 37(c)(1) provides an exclusion sanction for failure to disclose information that a party may use. Rule 26(a)(1)(C) provides that parties must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference. Should a party determine, as discovery progresses, that a document may become necessary at the time of trial, then that party may disclose such a document by way of supplement. Rule 26 advisory committee's notes; *see* Rule 26(e).

As a preliminary matter, plaintiff cites no legal authority to support her request that the court issue the severe sanction of striking defendant's Answer for its alleged failure to timely disclose documents. Nor has plaintiff filed a reply to refute defendant's representations that it timely and properly supplemented its disclosures. Defendant's representations, therefore, stand unchallenged. In any event, since the filing of plaintiff's motion, discovery in this case has been extended. Plaintiff is

2

therefore free to engage in additional discovery based on the documents. Moreover defendant states that "Plaintiff's counsel is free to call Ms. Becknell and question her concerning the report and ask any additional follow up questions." Opp'n (#19) at 6. Plaintiff has presented neither legal argument nor factual justification to strike defendant's Answer.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Motion to Strike Defendant's Answer for Flagrant Discovery Violations (#15) is DENIED.

DATED this 13th day of January, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**