# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARIA ZAPATA,<br><br>          Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>          Defendant. | 2:10-cv-00680-RLH-LRL<br><br>**O R D E R** |

      Before the court is plaintiff's Motion to Exclude Defendant's Designation of Expert Witness (#22). The court has considered the motion (#22), defendant's Opposition(#23), and plaintiff's Reply (#24).

      This is a negligence action arising from a slip and fall on defendant's premises. Pursuant to the Scheduling Order (#11), the expert disclosure deadline was September 6, 2010, and discovery closed on November 5, 2010. During discovery defendant learned that plaintiff had failed to disclose that she had tuberculosis prior to the date of the incident, and that her treatment continued for one full year. Because defendant learned this only after the deadline to designate experts had passed, it moved for a court order to extend scheduling deadlines so that it may designate an expert. Mot. (#13). On December 9, 2010, this court granted defendant's motion, but only to the extent that defendant was to designate a *tuberculosis* expert not later than January 4, 2011. Order (#20). The court also set February 4, 2011 as the deadline for plaintiff to designate a rebuttal tuberculosis expert, and extended discovery until March 4, 2011. Defendant disclosed Richard M. Dix, Jr., M.D., J.D., as its expert on January 27, 2011.

      Plaintiff moved to exclude Dr. Dix as an expert on the grounds that the disclosure was untimely

and that Dr. Dix, who is an orthopaedic surgeon, has no apparent expertise in the field or study of tuberculosis. The court has reviewed Dix's report and curriculum vitae. Nothing in the CV reflects any degree of special education or training in the field or study of tuberculosis. Moreover, of Dr. Dix's 31 observations and conclusions, only two -- numbers 28 and 30 -- touch on the subject of tuberculosis, and then only tangentially: both simply note that isoniazid, an anti-tuberculosis drug, can cause arthritic pain and peripheral neuropathy. Such information is likely available on the drug's warning label. The court finds that the expert designation of Dr. Dix does not meet the requirements and limitations of this court's Order (#20). Dr. Dix's designation will therefore be excluded.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Motion to Exclude Defendant's Designation of Expert Witness (#22) is granted.

DATED this 6th day of July, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**