# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARIA ZAPATA, | ) |
| | ) |
| Plaintiff, | ) |
| | )    2:10-cv-00680-RLH-LRL |
| v. | ) |
| | )    **O R D E R** |
| TARGET CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Before the court is plaintiff's Motion for a Rebuttable Presumption or an Adverse Inference for Spoliation of Evidence (#25). The court has considered the Motion (#25), defendant's Opposition (#26), and plaintiff's Reply (#27).

This is a personal injury action wherein plaintiff, Maria Zapata, alleges the she sustained injuries as the result of a slip-and-fall on defendant Target's premises. Zapata seeks an order for an adverse inference or rebuttable presumption due to Target's taping over certain surveillance video. Target maintains that such sanctions are not appropriate because the video footage is not relevant to the matter and plaintiff has failed to argue that evidence was wilfully suppressed.

The events giving rise to this litigation occurred on March 26, 2009. Zapata claims that she was walking through the store and slipped on a wet, slippery substance on the floor in the health and beauty department. She spoke to a manager about the incident, and the manager took pictures and filled out an accident report. *See* Exh. 1 to Mot. (#25). During discovery in this matter, Zapata's counsel took the deposition of Daniel Doran, Target's designated person most knowledgeable. Doran testified that two video surveillance cameras were in operation in and around the health and beauty department. Doran Depo., Exh. 2 to Mot. (#25) at 21. One of the cameras allegedly pointed at merchandise in the

aisle where the incident occurred, while the other provided a broader view of the surrounding area. Doran admitted that any footage taken at the time had been recorded over, because, according to him, it did not capture the incident. *Id.* at 33.

"A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). *See also Yeti By Molly Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001). This power includes the power to sanction a responsible party by instructing the jury that it may infer that the spoiled or destroyed evidence would have been unfavorable to the responsible party. *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991). In Nevada, when evidence is willfully suppressed, NRS 47.250(3) creates a rebuttable presumption that the evidence would be adverse if produced. *Bass-Davis v. Davis*, 122 Nev. 442, 448, 134 P.3d 103, 106 (Nev. 2006). Nevada case law provides that the sanction of rebuttable presumption applies only when evidence is willfully suppressed. Where evidence is merely negligently lost or destroyed, without the intent to harm another party, an adverse inference should be permitted. *Bass-Davis*, 122 Nev. at 449; *accord Glover*, 6 F.3d at 1329 (holding that a finding of bad faith is not a prerequisite for an adverse inference).

"An adverse inference is an instruction to the trier of fact that 'evidence made unavailable by a party was unfavorable to that party.'" *Lewis v. Ryan*, 261 F.R.D. 513, 521 (S.D. Cal.2009). An adverse inference instruction is appropriate where the party controlling the evidence had notice that it was relevant at the time when the evidence was lost or destroyed. *Bass-Davis*, 122 Nev at 450; *see also United States v. Kitsap Physicians Service*, 314 F.3d 995, 1001 (9th Cir.2002) (holding that a party is guilty of spoliation of evidence only if it had "some notice that the [evidence was] potentially relevant to the litigation."). One such form of notice triggering the duty to preserve evidence arises when a party has notice of a potential claim. *Aiello*, 2010 WL 3522259 at *3 (collecting cases); *Bass-Davis*, 122 Nev. at 450; *see also Continental Cas. Co. v. St. Paul Surplus Lines Ins. Co.*, 265 F.R.D. 510 (E.D. Cal. 2010) ("Sanctions may be imposed against a litigant who is on notice that documents and information in its possession are relevant to ... potential litigation."). Although the Ninth Circuit has not expressly

2

defined the term "potential litigation" in this context, it is generally accepted that a party has a "duty to preserve evidence when it knows or reasonably should know the evidence is relevant and when prejudice to an opposing party is foreseeable." *Ryan*, 261 F.R.D. at 518 (citation omitted); *see also Performance Chevrolet, Inc. v. Market Scan Info. Sys.*, 2006 WL 1042359 (D. Idaho) ("The majority of courts have held that pre-litigation destruction can constitute spoliation when litigation was reasonably foreseeable....").

Here, immediately after the incident, Zapata filled out an accident report which, arguably, is sufficient to put Target on notice of potential litigation. Moreover, a Target employee reviewed the footage of both tapes, and Doran made an express decision to tape over the footage. Based on this record, the court finds that Target, at a minimum, had notice of the potential litigation at the time the video was taped over. This triggered its duty to preserve the video. That the actual incident may not have been recorded does not render the footage irrelevant in the broad discovery context, inasmuch as it could have led to the discovery of other relevant information. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted); *see also* Fed. R. Civ. P. 26(b)(1). Target contends it did not wilfully suppress or destroy the evidence, and thus an evidentiary sanction is not warranted. While the court does not find the destruction of the footage to be in bad faith, the court finds the destruction of the tapes to be negligent. Therefore an adverse inference is the appropriate sanction.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Motion for a Rebuttable Presumption or an Adverse Inference for Spoliation of Evidence (#25) is is granted to the extent that the court shall provide an adverse inference instruction against defendant for its failure to retain the surveillance videos.

DATED this 12th day of July, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**